## HARNES a. TRIPP.

*Supreme Court, First District ; Special Term, February,* 1857.

COMPLAINT ON INFORMATION AND BELIEF.—VERIFICATION.

Where all the allegations in the complaint are made upon information and belief,
a verification to the effect that the party "believes it to be true," is sufficient.

Motion to vacate a judgment for irregularity.

The complaint in this action was entirely upon information
and belief. In the affidavit of verification, which was made by
one of the plaintiffs, the affiant stated that "he believes it to
be true; all the allegations therein being made on information
and belief." The defendant served an answer in due time, but
it was unverified; and plaintiff's attorney accordingly returned
it, and entered judgment as upon failure to answer.

Defendant now moved to set aside the judgment as irregular.

*H. P. Fessenden,* for the motion, contended that the verifica-
tion of the complaint was insufficient, and that defendant was,
therefore, entitled to serve an unverified answer.

*John E. Burrill,* opposed.

PEABODY, J.—The Code (§ 157) requires the verification of a
pleading, when made, to " be to the effect that the same is true,
to the knowledge of the person making it, except as to those
matters stated on information and belief, and as to those matters
he believes it to be true." Every verification, to comply with
the Code, must be to this *effect;* and any thing short of this is
not a verification within the meaning of the Code. The Code
says " *to the effect,*" not *in the form or language,* much less in
the precise words. Then where the matters in a pleading are
stated on information and belief throughout, and the party verify-
ing says that he believes it to be true, does he, in "effect," say
" as to the matters therein stated on information and belief, he
believes it to be true "?

It seems to me that it is perfectly certain that he does so. I

can hardly conceive of any thing more entirely beyond cavil. As to the verification in respect to matters stated on the party's knowledge, all inquiry here would be impertinent, as there are none stated in that manner in this complaint. Perhaps no deviation from the formula suggested by the Code, which is made to apply to both the modes of statement, has ever been sanctioned by the court; but I think this must be. There are two modes of stating matters in a pleading recognized by the Code. The one is an absolute or unqualified averment. As to this, the verification must be to the effect that it is true to the party's knowledge. The other mode is on information and belief; and as to this the verification must be to the effect that the party believes it to be true. The happy pleader has here skilfully separated the verification proper for matter alleged on information and belief, from that proper for matter alleged without that qualification, and therefore on actual knowledge; and he has done it exactly at the proper place, for there cannot be a reasonable doubt, that with the other part of the usual affidavit omitted, he has given just what is properly applicable to the mode of averment adopted in the pleading, and all that is so applicable.

The answer, therefore, was irregular, and the judgment was correctly entered. There is no irregularity, and the motion, so far as it is based on this irregularity, must be denied; but there is also a motion to be let in to answer and defend on the merits, which must be granted on the usual terms of payment of costs; judgment to stand as security, &c.